The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner George Glenn, II. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Worker's Compensation Act.
2. The relationship of employer and employee existed between the plaintiff and defendant at all relevant times herein.
3. Aetna Casualty Surety Company provided the worker's compensation insurance coverage for defendant at all relevant times herein.
4. Plaintiff's average weekly wages at the time of the incident alleged herein was $279.34.
 ***********
The Full Commission finds facts as follows:
 FINDINGS OF FACT
1. At the time of this hearing, plaintiff was forty-three years old. She had completed high school and had taken a six week course in basic education.
2. Plaintiff first started working for defendant-employer in 1980 as a texturing operator and this was the same position she held at the time of her injury.
3. On or about August 8, 1991, plaintiff bent over to take a full package off the machine she was operating and as she stood up she felt a sharp pain in her back. She did not report the incident to her supervisor that day, but she did tell some co-workers that she had hurt her back while taking a package off her machine.
4. Plaintiff continued to work after the incident and she was able to complete her shift. The next day she was unable to get out of bed without her husband's assistance.
5. The week following the incident, plaintiff called in and spoke with her supervisor, Mr. Harold Bullenins, and told him that she had injured her back while she was attempting to remove a package from her machine. Mr. Bullenins informed her that since she did not immediately report the incident that she was not able to file a workers' compensation claim in reference to her injury, and that she would be only able to get disability benefits and partial payment of her medical expenses from the employer's disability and medical plans.
6. While working for the defendant plaintiff had sustained two other work related injuries and she did immediately advise the defendant-employer of those injuries and the defendant-employer failed to file any workers' compensation claims in either matter. In those matters the defendant told plaintiff that she was not entitled to any workers' compensation but that she could and would receive benefits under defendant's disability and medical policies. Defendants did in fact pay plaintiff disability benefits and 80% of the medical expenses plaintiff incurred for the first two injuries.
7. Plaintiff in this matter was paid disability benefits under defendant's disability program. On plaintiff's application for disability benefits she indicated that she had sustained an injury by accident while in the course and scope of her employment with defendant-employer. Plaintiff marked that she was not claiming any workers' compensation benefits as a result of her injury because she had been told by defendant that her claim would be denied because she had not immediately reported her accident, and that she could not report or seek workers' compensation if the report and claim was not filed within five days of the accident.
8. Plaintiff has worked one week since her injury and was terminated by defendant-employer on November 1, 1993, while she was still receiving treatment for her injury and at a time when she was not able to work at any position.
9. Plaintiff's treating physicians found that her condition was possible lateral disc herniation at L3-4 with possible compromise of the L3 root on the right, disc bulge and degeneration 1 of the L4-5 intervertebral disc, probable right L5-S1 disc herniation placing the S1 root on the right at risk. Plaintiff was treated with therapy and medication.
10. Plaintiff did not seek the assistance of counsel until the fall of 1995, at which point plaintiff by and through her attorney filed a Form 18 and Form 33 and served a copy of the same on defendants by service on the claims representative, Ms. Chapman.
11. Based upon the fact that plaintiff did not file a claim until 1995 and her date of injury was August 8, 1991, plaintiff has failed to file her claim within the time period allowed by statute.
 ***********
Based upon the findings of fact, The Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff's claim for Worker's Compensation benefits arising out of and in the course of plaintiff's employment is denied. Plaintiff's claim must fail because the time period in which to file claim was not met. N.C. Gen. Stat. § 97-24.
2. There were no facts of record that would enable plaintiff to make an estoppel claim. Plaintiff did not rely on any indication that her worker's compensation claim was being taken care of. To the contrary, plaintiff was told she did not have a claim.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiff's claim for injuries arising out of and in the course of her employment must be denied.
2. Defendants shall pay the cost of this action.
 S/ ____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _________________ CHRISTOPHER L. SCOTT COMMISSIONER
S/ _________________ DIANNE C. SELLERS COMMISSIONER
TJB/cnp/db